| | AUSA: John Engstrom | Telephone: (313) 226-9571 |
|---|---|---|
| AO 93 (Rev. 11/13) Search and Seizure Warrant | Special Agent: Shanika Sanders | Telephone: (313) 505-3173 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

I hereby certify that the foregoing is a certified copy of the original on file in this office.

Clerk, U.S. District Court
Eastern District of Michigan

By: C. Ciesla
Deputy

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 17-MC-50641-5
45923 HAYES ROAD )
SHELBY TOWNSHIP, MI 48315 )
)

10

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Michigan_____.
*(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

FILED
DEC 07 2017
CLERK'S OFFICE
U.S. DISTRICT COURT

**YOU ARE COMMANDED** to execute this warrant on or before   November 26, 2017   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the presiding United States Magistrate Judge on duty   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   11/14/17
9:23 am

_____
*Judge's signature*

City and state:   Detroit, Michigan   Hon. R. Steven Whalen,   U. S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 17-MC-50641-5 | Date and time warrant executed: 11/15/2017 10:26 am | Copy of warrant and inventory left with: At location: Kimberly Handley |
| Inventory made in the presence of: SA Lyza L Bellinger | | |
| Inventory of the property taken and name of any person(s) seized: See Attached | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11/15/2017

_Executing officer's signature_

Lyza L Bellinger FBI special agent
_Printed name and title_

FD-597 (Rev. 4-13-2015)                                                                 Page _____ of _____

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: 209B-DE-2080258

On (date): 11/15/2017

item(s) listed below were:
- [X] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) HEAR HERE

(Street Address) 45923 Hayes Rd., SHELBY TWNshp, MI.

(City) _____

Description of Item(s): SAMSUNG LAPTOP S/N HNHK9LAC200122.7M, Purple NEXTBOOK, HP LAPTOP S/N 5CD4342G8J with white thumb drive, HP DESKTOP S/N CND7302596, Patient Files, Patient Files MOORE-MULLINS, Patient Files Nelson-LIPKA, Patient lists, Employee Notes, Robert W Google Contacts, Joyce Arnold Musa??? Contacts Google sheets, Log in and Passwords for HAP, BCBS, MED ADV., Product Brochures, note pad, clearsheet with product prices, Siemens Wireless Programming System, Sticky Notes, order forms, Hearing Aid pamphlets, pricing list, treat sheet??, Documents pertaining to Rebecca Ellis at HEAR HERE, HEARHERE call logs, patient info with hand written Notes, Patient files, Correspondence with venors??, Correspondence with Medicaid, Cards with Contact information from various venors, 2016 monthly Calendar, ???? ???? ????, patient leads, patient records, Kim Handley payment receipt, Hearhere calling fees, ??? information forms, free drawing forms, appointment schedules, patient labels, bank records, hand written notes, hearing aid order forms/prescriptions, audiogram, sign in sheet

Nothing else follows LB 11/15/17

Received By: _Lyza L Bellinger_ (Signature)

Printed Name/Title: Lyza L Bellinger

Received From: _____ (Signature)

Printed Name/Title: Kim Handley

## ATTACHMENT A

**Hear Here Corporation**
**45923 Hayes Road**
**Shelby Township, MI 48315**

The business offices for Hear Hear Corporation are located within the Lifestyle Plaza retail strip mall located on the west side of Hayes Road, Shelby Township, between Hall Road and 21 Mile Road. Hear Here offices are situated in between "Size Up Supplements" and "Massage TJR Spa" within the strip mall. The numbers 45923 are clearly marked above the glass front entrance door. A large sign with blue lettering is above the door indicated "Hear Here."

## ATTACHMENT B

## ITEMS TO BE SEIZED

For the time period of January 1, 2010 until November 15, 2017, any and all of the following items concerning or related to any individual or entity, known or unknown, who is reasonably believed to be part of the scheme or beneficiary of the scheme including but not limited to:

Individuals: William A. Robinson, Tamara Sulik, Glenda Robinson, Aaron Robinson and Edrea L. Robinson AKA Edrea L. Mann

Entities: William A. Robinson, Inc., Quality Hearing Center, Inc., Robinson Hearing Centers, LLC and Inc., Robinson Hearing Aid Services, LLC., E.L. Mann, Inc. and Hear Here Corporation

This information may be stored or filed and includes any format in which the information may exist, including but not limited to the media of hard copy, computer hard disks, digital storage devices, and or computer disks:

1. All records related in any way to all patients, including without limitation, the following type of records: patient charts, files, records, treatment cards, patient ledger cards, patient complaints, patient sign-in sheets, employee notes, original patient or referral source listing, patient correspondence, appointment books, business calendars and sign-in sheets;
2. All documents constituting, concerning, or relating to bills, invoices, and claims for payment or reimbursement for services billed to patients or insurance companies, including Medicare, for any patients;
3. All documents constituting, concerning, or relating to invoices for the purchase of hearing aid dealer related equipment, including, without limitation hearing testing equipment or hearing amplification devices;
4. All documents constituting, concerning, or relating to any returns of hearing aid dealer related equipment, including, without limitation hearing testing equipment or hearing amplification devices;
5. All financial statements, records, and documents, including without limitation:

35

   a. Bank accounts, money market accounts, checking accounts, equity line of credit, investment accounts, stock fund accounts, bonds or bond funds; including deposit and reimbursements, cancelled checks or drafts, electronic transfers, ledgers, loan statements, and loan agreements;
   b. Credit/Automatic Teller Machine/Debit card accounts;
   c. All corporate, business, and personal tax returns, including without limitation, any quarterly employment tax returns, withholding records, W-2s, and any Internal Revenue Service Form 1099s;
   d. All financial statements and credit reports;
   e. All loan and credit information, including, without limitation, any letters of credit, revolving credit arrangements, loans, loan applications, financing agreements, factoring arrangements, promissory notes, leases, or any other documents concerning sources of borrowed funds
   f. All accounts payable and receivable records

6. All documents consisting, concerning or relating to all current and former employees, including without limitation, personnel files, employee rosters, names, addresses, telephone numbers, email address, time cards and similar records, expense reports, training information, certification verification, salary and compensation information, disciplinary records, licensure records, job applications, job descriptions, employment agreements and W-2 forms;
7. Organizational or corporate papers filed with the appropriate state agencies and any amendments thereto, including, without limitation, articles of incorporation, by-laws, and annual reports;
8. All correspondence, including memoranda, letters, and electronic mailings (email) between William A. Robinson and employees, Edrea L. Robinson (Mann) and employees, Joyce Arnold and employees, past and current, of William A. Robinson, Inc. and Hear Here Corporation;
9. All correspondence, including memoranda, letters, and electronic mailings (email) concerning any of the records described in the previous paragraphs;

10. All documents related to the purchase, leasing, servicing, or operation of any durable medical, physical therapy, laboratory or other medical equipment;
11. Records of control over other areas such as storage units where financial, medical, or other billing records may be maintained;
12. Records of control of the premises and things described, namely, utility bills, telephone bills, rent or lease records pertaining to or evidencing ownership or control of the premises to be searched;
13. Currency or other items of significant value reasonably believed to be the proceeds of the illegal activity described in the affidavit for this search warrant;
14. Records related to assets or items of significant value reasonably believed to be proceeds of the illegal activity described in the affidavit for this search warrant;
15. Audit or inspection records relating to any state or federal investigation;
16. All retrievable information such as recorded telephone messages, and other electronically stored information and computer hardware, including, without limitation, floppy discs, compact discs or other data storage discs or tapes, thumb or flash drives. Any electronic storage media, including, without limitation, cellular telephones, pagers, electronic organizers, tablet computers, and PDAs, may be held for such reasonable time as necessary to determine whether it contains data within the scope of this warrant. Where data is found a personal computer storage drive file, the agents executing this warrant are authorized to seize, where necessary, the computer's input/output or "I/O" devices, software, documentation, and data security devices. When the computer analyst determines that these items are no longer necessary to retrieve and preserve that data evidence, they will be returned within a reasonable time;
17. Instructions, memoranda, passwords, and other information relating to, or required to facilitate the operation of any equipment which contains any of the aforementioned information.
18. Any and all correspondence or mailings to/from Blue Cross Blue Shield of Michigan;

19. Any and all records, documents or correspondence relating to insurance rules, regulations, requirements, and/or audits;
20. All contracts, billing agreements, professional services agreements, or any other contracts between the above referenced individuals or business, and any other individual, company, physician or billing company as it relates to the solicitation of patients;
21. All documents related to information pertaining to the following union and/or UAW matters:
    a. Billing matters or raffles;
    b. Payments to and/or from union officials;
    c. Scheduling of meetings and events;
    d. Recruitment of retired beneficiaries;
    e. Lists and names of union members (including PII)
    f. Offers of free hearing aids and/or services; and
    g. Information relating to who created, used, or communicated with the union officials including records about their identities and whereabouts
22. Regarding records and information pertaining to the above stated offense which may be stored in digital form, law enforcement personnel executing this search warrant will employ the following procedure in searching for data capable of being read, stored or interpreted by a computer:

    a. Computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.
    b. Any data storage device that is encrypted and unreadable will not be returned until law enforcement personnel have determined that it or its data do not constitute (1) an instrumentality of the offense, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed property, or (5) items that fall within the list of items to be seized set forth within.
    c. In searching the data, computer personnel may examine all of the data contained in the computer equipment and storage devices to view their

precise contents and determine whether the data falls within the items to be seized as set forth herein.

d. If the computer personnel determine that the computer equipment and storage devices are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41 (b), the government will return these items within a reasonable period of time.

e. In order to search for data pertaining to the above stated offenses that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

   i. Any computer equipment and storage device capable of being used to commit or store evidence of the offenses listed above;

   ii. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including but not limited to word processing equipment, modems, docking stations, monitors, printer, plotters, encryption devices, and optical scanners;

   iii. Any magnetic, electronic or optical storage device capable of storing data such as floppy disks, fixed hard disk drives, external hard drives and enclosures, network attached storage units, removable hard disk cartridges, tapes, laser disks, videocassettes, CD's, DVD's, zip disks, smart cards, memory sticks, memory calculators, PDA's, USB flash drives, printers and fax machines with memory buffers, PC cards, electronic dialers, electronic notebooks, mobile telephones, answering machines and/or other media that is capable of storing magnetic coding;

   iv. Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices, or software;

    v.    Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

    vi.    Any physical keys, encryption devices or similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

    vii.    Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices or data.

23. The terms records, documents, communications, and applications, includes all of the foregoing items of evidence in whatever form and by whatever means such records, documents, communications, applications, their drafts or their modifications may have been created or stored, including (but not limited to) any handmade form (such as writing or drawing with any implement, on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negative, videotapes, photocopies); any mechanical form (such as printing or typing); any electrical, electronic or magnetic form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard drives, backup tapes, CD ROMs, optical discs, printer buffers, smart cards, memory calculators, or electronic notebooks, as well as printouts and readouts from any magnetic storage device).